## SUPREME COURT.

### William W. Healy agt. Othniel Preston.

### Joel Carrington agt. Othniel Preston.

### Bradford A. Manchester and Edward S. Rich agt. Othniel Preston.

The expression, in a statement for a judgment by confession without action, to secure against a contingent liability, that "this confession of judgment is for a debt justly to grow due to ————;" when it is immediately followed by the words "the following is a statement of facts upon which said confession of judgment is founded," and the facts are properly given, although improper and unlawyerlike, is harmless.

Such a judgment, confessed by the maker of a note to his accommodation indorser, as security in respect to the indorsement, prior to the negotiation of the note, is valid.

It is a sufficient statement of the liability, against which it is intended to secure, that it is the indorsement by the plaintiff for the benefit of the defendant, of a note, specifying the amount and date, at what bank payable, and on or about the day it will become due.

An execution on such a judgment will not be set aside at the instance of creditors because it was issued before the maturity of the note; nor is it a substantial defect in the execution that it describes the judgment as having been obtained in an action.

It is not a material defect in a statement that it expresses the confession to be for a debt due and to grow due, without stating how much was due and how much to grow due, when the discrimination is made in giving the facts upon which the confession is founded.

A statement in regard to the facts out of which the debt arose, that a specified sum is for grain purchased of the plaintiff by the defendant on or about a specified day, is sufficiently full and particular.

*Monroe General Term, March,* 1857.

T. R. Strong, Welles *and* E. Darwin Smith, *Justices.*

Appeal from an order at special term, setting aside the judgments by confession in the first two cases, and the executions issued thereon, as fraudulent and void as to the judgment in the last case, which was entered subsequent to them.

The statement for the judgment in the second case, after the

title, is in these words : " I, the subscriber hereto, do hereby confess judgment in favor of Joel Carrington, for the sum of two thousand dollars, and authorize judgment to be entered against me for that sum, besides costs. This confession of judgment is for a debt justly to grow due to ———, and the following is a statement of the facts upon which said confession of judgment is founded. The sum of two thousand dollars is to indemnify the said Joel Carrington against all liabilities on a note made by the said Othniel Preston, for two thousand dollars, payable at the "—(naming the bank)—" and dated on or about the 14th day of April, 1856, and due on or about the 14th day of July, 1856, which said note was indorsed by the said plaintiff Joel Carrington, for the benefit of the said defendant, Othniel Preston."

The statement in the first case, after the title, is in these words : " I, the subscriber hereto, do hereby confess judgment in favor of William W. Healy, for the sum of one thousand two hundred and thirty dollars, and authorize judgment to be entered against me for that sum, besides costs. This confession of judgment is for a debt justly due, and to grow due, to the said William W. Healy, and the following is a statement of the facts upon which said confession of judgment is founded :— The sum of two hundred and thirty dollars is for grain purchased of the said plaintiff, Wm. W. Healy, by the said Othniel Preston, on or about the 1st of April, 1856 ; and the sum of one thousand dollars is to indemnify the said William W. Healy against all liabilities on a note made by said Othniel Preston, for one thousand dollars, payable at the bank of Bath, and dated on or about the 1st of April, 1856, and payable in ninety days from date, which said note was indorsed by the said plaintiff, William W. Healy, for the benefit of the said defendant, Othniel Preston."

Each statement is signed, and duly verified by the oath of the defendant.

Executions were issued on the first two judgments the same day the judgments were entered, and levied on the personal property of the defendant; and an execution on the last judg-

ment was issued to the same sheriff the 11th of July, 1856. The execution on the first judgment states the amount actually due on the judgment to be $1,236.37, and that the judgment was recovered in an action wherein the said William W. Healy was plaintiff and the said Othniel Preston was defendant, and requires the sheriff to collect the whole amount thereof. The execution in the second case is in similar form, stating the amount actually due to be $2,006.37.

The notice of motion sets forth, as the grounds of the motion, that the statements on which the judgments in the first two cases were entered, "do not, nor does either of them, state concisely the facts out of which arose the debt due or to become due, for which judgment was authorized to be entered; that the statement for judgment in the cause marked No. 1, though it states that the confession is for a debt justly due, and to grow due, does not show how much was due, and how much to grow due, nor that more than two hundred and thirty dollars is either due or to grow due to William W. Healy, therein named, nor does it state the facts out of which the indebtedness arose; that the balance of the statement is in regard to a contingent liability, but does not state concisely the facts constituting the liability, and does not show that the sum confessed therefor does not exceed the amount of said liability, nor does it show in whose hands said liability existed, nor that any liability was in fact existing. And the statement on which the judgment in cause marked No. 2 was entered, though it states the confession is for a debt justly to grow due, does not state to whom, nor any facts out of which any debt was to grow due, to Joel Carrington, in whose favor the confession was made, and does not show that the sum confessed is to grow due to him, nor that any sum is either due or to grow due to said Carrington, nor to any other person : the statement in regard to a contingent liability does not state concisely the facts constituting the liability, and does not show that the sum confessed does not exeed the liability, nor in whose hands any liability existed, nor that any liability was in fact existing.

The notice of motion further expresses, that the court will

Healy agt. Preston, &c., &c., &c.

also be moved to set aside the executions on the first two judgments, on the ground that the same were issued for moneys not due, and that they do not follow or describe any judgment in existence.

S. HUBBARD, *for appellants.*
D. RUMSEY, *for respondents.*

By the court—T. R. STRONG, Justice. The statement for the judgment in favor of Carrington complies fully with the requirement of the first subdivision of § 383 of the Code. It states the amount for which judgment may be entered, and authorizes the entry of a judgment therefor. The next following words— "this confession of judgment is for a debt justly to grow due to" (blank) "and," are inapplicable to the case, as it afterwards appears in the statement that the purpose of the judgment was to secure the plaintiff against a contingent liability; and probably the explanation for their appearance in the statement is, that, in preparing it, a printed blank, adapted to the second subdivision of the section named, relating to a case of money due or to become due, more particularly than to the third, which relates to a case like the present, was used. They might, and, for greater clearness and a lawyerlike mode of doing business, should have been omitted; but I do not perceive that they do any harm, as it is immediately added, "the following is a statement of facts upon which said confession of judgment is founded." The latter words alone were sufficient to introduce and apply what follows.

In regard to the contingent liability, against which it was intended to secure the plaintiff, it is stated to be the indorsement by the plaintiff, for the benefit of the defendant, of a note for $2,000, dated about the 14th of April, 1856, made by the defendant, payable at a bank, naming it, and due on or about the 14th of July, 1856. It is not stated to whom the note was made payable; but I think the fair inference is, that it was payable to the plaintiff, who indorsed it, in the absence of anything showing there was any other party to the note. From indors-

ing it for the benefit of the defendant, it must be implied that the note, when indorsed, was delivered to the defendant, to be used by him. Nor is it stated that the note had been negotiated by the maker, which was essential to give it vitality, it being accommodation paper; and the omission, it is strenuously urged, is fatal to the judgment as against subsequent judgment-creditors. It is insisted, that as subdivision 3, referred to, requires the facts constituting the liability to be stated, and as a transfer of the note was essential to liability on it, a statement of that fact was indispensable to make the judgment valid as against such creditors. But a contingent liability arose against the plaintiff by his indorsing and delivering the note to the defendant, and thereby lending his credit to the defendant, to be used at the defendant's discretion without any other act of the plaintiff. He incurred a liability to the amount of the note, contingent on the note being negotiated by the defendant for value, for which purpose it was made, and his being duly charged as indorser. The liability before negotiation, was exposure by the loan of his name, to be used at the mere will of another, to a legal obligation upon a transfer of the note for payment of it; after transfer it would be on the note itself. This contingent liability upon a loan of credit, before the credit was actually used by the borrower, was, I think, one for security, against which a judgment by confession might be taken; and if so, a statement of the note, describing it, and of the fact of the indorsement for the benefit of the defendant, was all that was important, as it gives all the facts constituting the loan and liability. And it was proper to state the object to be to indemnify the plaintiff against all liabilities on the note, that being the ultimate purpose of the judgment.

If it was necessary for accommodation indorsers, and sureties of any kind, to wait until after the legal inception of the paper, or contracts, before taking security by confession of judgment, they would in many cases be precluded from resorting to that mode of indemnity at the time of lending their names, and placing their credit in the power of others.

The policy of the provisions of the Code, as to the confession

of judgment, in respect to guarding against fraud, does not appear to require that, in the case of accommodation paper, it should have been actually used before accommodation parties may be secured by a confession of judgment, and that the particular use ot it should be disclosed in the statement. Little, if anything, would be gained, in the way of preventing and securing against fraud, by requiring the disposition of the paper to be stated; and all reasonable means of accomplishing that object are provided for without it. The description of the paper, and the fact of the relation sustained to it by the plaintiff, afford all the protection against fraud that would be of substantial benefit. The plaintiff can use the judgment only for his security, and is at all times subject to be called to account in regard to it by subsequent judgment-creditors.

It is no ground for setting aside the execution on that judgment at the instance of a creditor, that the note had not become due; nor is the description of the judgment in the execution as having been obtained in an action, a substantial defect, it being clear that the proper judgment was intended.

The remarks already made also apply to similar objections to those considered, taken to the judgment and execution in favor of Healy. It is further objected to the statement for that judgment, that it expresses the confession to be for a debt due and to grow due, and does not show how much was due and how much to grow due. This discrimination is clearly made in giving the facts upon which the confession is founded; the amount of actual indebtedness and the amount of security are distinctly stated. Another objection to that judgment is, that the statement is not sufficiently full and particular in regard to the facts relating to the actual indebtedness. The language is, "the sum of two hundred and thirty dollars is for grain purchased of the said plaintiff, William W. Healy, by the said Othniel Preston, on or about the 1st of April, 1856." This expresses a sale by the plaintiff to the defendant for a specified sum, at a specified time, of grain. This is clearly sufficient, unless as to the omission to state the kind and quantity of grain, and as to that the case must be controlled by the deci-

sion in *Schoolcraft* agt. *Thompson*, in this district, at general term. (9 *How. Pr. R.* 61.) The kind and quantity of grain are no more material than the kind and quantity of goods, wares and merchandises sold and delivered, in the case of a debt thus arising, which this court, in the case cited, held need not be given in a statement for a judgment by confession, in order to uphold it as against a junior judgment-creditor.

The papers do not make a case of actual fraud in the confession of the judgments.

I am, therefore, of opinion that the order at special term should be reversed, and that the motion to set aside the judgments and executions should be denied.